IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN HARMON AND § | | |
| CLISHER HARMON § | | CIVIL ACTION NO. _____ |
| § | | |
| VS. § | | |
| § | | |
| ARMED FORCES INSURANCE § | | JURY DEMANDED |
| EXCHANGE § | | |

NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, ARMED FORCES INSURANCE EXCHANGE ("AFI"), Defendant herein, removes to this Court the state court action pending in the 25th Judicial District Court of Guadalupe County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

I.  BACKGROUND

1. On or about August 2, 2019, Plaintiffs Steven Harmon and Clisher Harmon ("Plaintiffs") filed this action in the 25th Judicial District Court of Guadalupe County, Texas, bearing Cause No. 19-1820-CV-C (the "State Court Action") against AFI. *See* State Court Action Petition, attached hereto under **Exhibit B**.

2. AFI was served with Plaintiffs' Petition on or about February 3, 2020. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after service of the Petition on AFI, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.   BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because:  (1) there is complete diversity between Plaintiffs and AFI, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Complete diversity exists between Plaintiffs and AFI.**

4. Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5. Plaintiffs are citizens of Texas. In their Petition, Plaintiffs allege that they reside in Texas[1] and that they own residential property in Guadalupe County, Texas.[2]

6. Armed Forces Insurance Exchange is a foreign organization incorporated pursuant to the laws of the State of Kansas and does not have its principle place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, AFI is a citizen of the State of Kansas.

7. Thus, there is complete diversity of citizenship between Plaintiffs and AFI.

**B.   Amount in Controversy Exceeds $75,000.**

8. Plaintiffs' Petition states Plaintiffs are seeking "monetary relief of $100,000 or less," for their damages.[3]

9. Courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[4] Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's

---

[1] *See* Plaintiffs' Second Amended Petition, **Exhibit B**, at section titled "Parties," pg. 1 of 14.
[2] *Id*. at section titled "Facts," pg. 2 of 14, ¶ A.
[3] *Id*. at section titled "Damages," pg. 12 of 14.
[4] *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

jurisdiction.[5]

10. In their pre-suit demand dated June 3, 2019, Plaintiffs claimed the damages to their dwelling totaled $26,803.71, and that their attorneys fees incurred up to the date of the letter were $3,500.00.[6] Plaintiffs' Petition asserts the following causes of action: breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing.[7] Further, Plaintiffs seek the recovery of attorneys' fees, treble damages under the DTPA and Section 541.152 of the Texas Insurance Code, exemplary damages, and "any investigative and engineering fees incurred in the claim."[8]

11. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.[9] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## IV. VENUE

12. Venue for removal is proper in this district and division because this district embraces the 25th Judicial District Court of Guadalupe County, Texas, the forum in which the removed action was pending.

## V. ATTACHMENTS

13. AFI will promptly provide written notice to Plaintiffs through delivery of a copy of this Notice and the state court *Notice of Filing of Notice of Removal* to Plaintiffs' counsel of record, and to the Clerk of the Court for the 25th Judicial District Court of Guadalupe County,

---

[5] *See* **Exhibit C**, Plaintiffs' demand letter dated June 3, 2019; *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).
[6] **Exhibit C**.
[7] *See* Plaintiffs' Second Amended Petition, **Exhibit B**, at section titled "Theories of Liability," pgs. 7-12 of 14.
[8] *Id*. at pgs. 12-14 of 14.
[9] *See* **Exhibits B and C**.

Texas[10] through the filing of this Notice and the *Notice of Filing of Notice of Removal* into the record of the State Court Action.

14. Copies of all pleadings, process, order, requests for trial by jury, and other filings in the State Court Action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15. The following documents are being filed with this Court as exhibits to this Notice of Removal:

| | |
|---|---|
| **EXHIBIT A** | **Index of Matters Being Filed** |
| **EXHIBIT B** | **State court docket sheet; a copy of all pleadings that assert causes of action; all answers to such pleadings and a copy of all process and orders served upon Defendant as required by 28 U.S.C. § 1446(a)** |
| **EXHIBIT C** | **Plaintiffs' Pre-Suit Demand Letter** |
| **EXHIBIT D** | **List of all Counsel of Record** |
| **EXHIBIT E** | **Civil Cover Sheet (JS 44)** |
| **EXHIBIT F** | **Supplement to JS 44 Civil Cover Sheet** |

WHEREFORE, Defendant, Armed Forces Insurance Exchange, respectfully prays that the State Court Action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. AFI further requests any additional relief to which it may be justly entitled.

DATE: March 4, 2020.

---

[10] Located at 101 E Court St., Ste. 203, Seguin, Texas 78155.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
Sarah R. Smith
Texas State Bar No. 24056346
USDC Texas Admission No. 1196616
Sarah C. Plaisance
Texas State Bar No. 24102361
USDC Texas Admission No. 3310762
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
ARMED FORCES INSURANCE EXCHANGE

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on March 4, 2020, via e-filing addressed to:

Shelly Calhoun                                          *Via Eserve*
W. Lee Calhoun
CALHOUN LAW FIRM, PLLC
1350 North Loop 1604 E., Ste. 104
San Antonio, TX 78232
shelly@calhounattorney.com
lee@calhounattorney.com
*Attorneys for Plaintiffs*

   */s/ Sarah R. Smith*
   Sarah R. Smith